[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 02, 2010
JOHN LEY
ACTING CLERK

No. 09-11615

_____

D. C. Docket No. 07-02197-CV-T-30-EAJ

ERIC EHMANN,

Plaintiff-Appellee,

versus

CONTINENTAL CASUALTY COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2010)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Continental Casualty Company appeals from an adverse summary judgment

granting Eric Ehmann's claim for long-term disability benefits under an employee

welfare benefit plan sponsored by Ehmann's employer, Georgia Pacific Corp., and administered by Continental. Because we find the suit is time-barred, we reverse and render a judgment in favor of Continental.

The benefit plan provides in relevant part as follows:

**Legal Actions**
No legal action of any kind may be filed against Us:
1.      within the 60 days after proof of Disability has been given; or
2.      more than 3 years after proof of Disability must be filed, unless the law in the state where You live allows a longer period of time.

Even if we agree with Ehmann that Florida's five-year statute of limitations period for written contracts is the appropriate time period in which he had to file his federal suit, the suit is untimely. Under Florida law, the time from which the statute of limitations begins to run is the date "when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). Continental argues, and we agree, that this event occurred on August 13, 2002 when it notified Ehmann in writing of the denial of his administrative appeal explaining that, "You have exhausted all administrative remedies offered by the appeals process. This decision is final and binding." Because Ehmann did not file the instant suit in federal court until December 3, 2007, more than five years after the start of the limitations period, his suit is untimely.

REVERSED AND RENDERED.